### Brandies vs. Robinson.

Justice's Court. *(1) When one hour's delay required in commencing trial.* Certiorari to J. P. *(2) What triable thereon.*

1. Under the statute (R. S. 1858, ch. 120, sec. 45), on return of process duly served, a justice of the peace is required to wait one hour after the time specified in the process, for the appearance of the parties, only in case they do not sooner appear; and the *appearance* here meant is not a formal appearance to the action, to be entered on the docket, but the personal appearance of the parties before the justice.
2. When a justice's judgment is reversed on *certiorari* by the circuit court, an appeal to this court brings up only the question of the justice's *jurisdiction.*

APPEAL from the Circuit Court for *Manitowoc* County.

This action was commenced before a justice of the peace, on a note and book account against the defendant. The summons was made returnable on a day therein named, at 10 o'clock, A. M., and was duly served on the defendant. At the hour named in the summons, the justice called the case, and the plaintiff appeared by his attorney. The attorney thereupon left the justice's office, and, after being absent half an hour, returned thereto accompanied by the defendant and his attorney. The justice then proceeded with the trial without objection. The defendant declined to have his appearance entered, but, by his attorney, objected to one item in the

plaintiff's account, and to the allowance of interest on the account. The items thus objected to were thereupon withdrawn by the plaintiff, and are not included in the judgment.

The defendant refused to make any defense to the action, and, while the plaintiff's attorney was computing the interest on the note in suit, and after the plaintiff had proved his account, left the office of the justice. The justice gave judgment for the plaintiff for the amount of his claim as proved. Such judgment was rendered after 11 o'clock, A. M. The foregoing facts are stated in the return and amended return of the justice to the circuit court.

The defendant removed the judgment to the circuit court by writ of *certiorari;* that court reversed the judgment of the justice; and plaintiff appealed from the judgment of reversal.

The appeal was submitted on the brief of *J. S. Anderson* for the appellant, and that of *Henry Sibree* for the respondent.

LYON, J. The circuit court must have held that, because the justice proceeded with the trial before one hour had elapsed after the time specified in the summons, he thereby lost jurisdiction of the case. This was error. The statute provides, that, " upon the return of the process duly served, the justice shall wait one hour after the time specified in such process for the appearance of the parties, unless they sooner appear." R. S. 1858, ch. 120, sec. 45. The appearance of this statute is not necessarily a formal appearance to the action, to be entered in the docket of the justice, but the personal appearance of the parties before the justice. The hour of grace is for the benefit of both parties — plaintiff as well as defendant, — and is given to protect a party, who for any cause fails to reach the justice's office at the precise time specified in the summons, against a judgment by default. The justice must wait one hour for the parties *unless they sooner appear;* but if they appear, that is, if they are in court before the expiration of the hour, the statute has no operation, and the trial may regularly proceed. In this case, the justice waited until the defendant was before him, and that is all the

statute requires. Not only did the justice have jurisdiction to try the case and render judgment therein, but the record fails to disclose any error in his proceedings. But on this appeal we have only to deal with the question of jurisdiction. *Lewis v. Larson, ante,* p. 353, and cases cited.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to that court to affirm the judgment of the justice.