STATE EX REL. HAESELICH, Respondent, vs. SCHWEITZER, Appellant.

*February 21—March 19, 1907.*

*Justices' courts: Jurisdiction: General appearance: Docket entries: Waiting for appearance: Adjournments: Certiorari.*

1. A statement in a justice's docket that at the return hour of process all parties were present "in court" is equivalent to a statement that all parties appeared.
2. A general appearance is a waiver of defects in the form or service of process.

3. A justice is not required, under sec. 3623, Stats. (1898), to wait one hour for the appearance of the parties if they appear sooner.

4. An adjournment within the discretionary power of a justice under sec. 3365, Stats. (1898), does not deprive him of jurisdiction merely because made on plaintiff's motion.

5. Jurisdictional defects not set forth in the petition for a writ of certiorari will not be considered on such writ.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. Reversed.

For the appellant there was a brief by Churchill, Bennett & Churchill, and oral argument by W. H. Churchill.

For the respondent the cause was submitted on the brief of Zebulon Pheatt.

WINSLOW, J. The appellant, Schweitzer, commenced an action for unlawful detainer against the relator, Haeselich, before a justice of the peace, and obtained judgment of restitution of the premises, with costs and $10 for rent due. Thereupon Haeselich sued out a writ of certiorari, to which return was duly made, and after trial thereon the circuit court reversed the justice's judgment, and Schweitzer appealed.

Three alleged jurisdictional defects were specified in the petition, and these will be briefly considered.

1. It appears that the summons issued was not in the form prescribed by sec. 3362, Stats. (1898). However, it further appears from the docket of the justice before whom the action was commenced that on the return day of the summons at the hour named therein all parties were present "in court." This is equivalent to a statement that all parties appeared. Brandies v. Robinson, 45 Wis. 464. A general appearance is a waiver of defects in the form or service of process. Lowe v. Stringham, 14 Wis. 222; Fulton v. State ex rel. Meiners, 103 Wis. 238, 79 N. W. 234.

2. It is objected that the justice before whom the action

was commenced did not wait one hour after calling the case for the appearance of the parties, as required by sec. 3623, Stats. (1898), but immediately transmitted the case to the next nearest justice on account of kinship to the appellant. There are at least two sufficient answers to this objection, viz.: (1) The docket shows that the case was called at 9 o'clock a. m., which was the hour named in the summons, and that the papers were not transmitted until 10:01 o'clock a. m.; (2) the justice was not required to wait an hour in case the parties sooner appeared. Sec. 3623, supra; Brandies v. Robinson, supra.

3. The relator did not appear before the justice to whom the case was transferred, and that justice, after receiving the papers, adjourned the case on plaintiff's motion for three days. Sec. 3365, Stats. (1898), specifically provides that the justice may, "in his discretion," adjourn the trial of the action, but not beyond six days after the return day of the summons. The fact that the plaintiff moved for such adjournment did not deprive the justice of his discretionary power. Therefore the record shows no loss of jurisdiction by the adjournment.

We have been referred to no statute authorizing the justice to render judgment for unpaid rent in such an action, but as this matter was not set forth in the petition for the writ as a jurisdictional defect it is not to be considered. Tourville v. S. D. Seavey Co. 124 Wis. 56, 102 N. W. 352.

By the Court.—Judgment reversed, and action remanded with directions to enter judgment affirming the judgment of the justice.