BESTOR, Respondent, vs. INTER-COUNTY FAIR, Appellant.

*March 14—March 31, 1908.*

*Jurisdictional defects: General and special appearances.*

1. If a defendant desires to avail himself of want of jurisdiction of his person, he must keep out of court for all purposes except that of objecting to jurisdiction, and if he appears and takes any steps consistent with the idea that the court has jurisdiction of his person, such appearance amounts to a general appearance and gives the court jurisdiction for all purposes.

2. Where a defendant appeared and objected to the jurisdiction of the court on the ground that the summons and its service were defective in certain respects, and moved to amend the return of the officer to conform to the facts and that the action be dismissed because the court had not acquired jurisdiction of his person, *held,* that the appearance, although denominated in the motion as special, amounted to a general appearance, and gave the court jurisdiction for all purposes, as the motion could not be passed upon without jurisdiction of the person and the subject matter.

Appeal from a judgment of the circuit court for Sauk county: E. Ray Stevens, Circuit Judge. *Affirmed.*

*Thomas W. King,* for the appellant.

For the respondent there was a brief by *Bentley & Kelley,* and oral argument by *F. R. Bentley.*

Kerwin, J. This is a *certiorari* proceeding brought to reverse the judgment of a justice of the peace of Sauk county. The justice's docket shows that summons was issued on the 15th day of January, returnable January 29th at 2 p. m., and served on John Morgan, secretary of defendant, by leaving a copy at his usual abode with his wife and stating to her its contents; that on January 29th plaintiff appeared, the case was called and held open one hour, defendant did not appear, and the case was adjourned for cause to February 5th at 2 p. m. at the office of the justice; that on February 5th defendant appeared by J. E. Morgan and made a motion that the return of the officer on the summons be amended to conform to the facts, and that the action be dismissed because the justice had not acquired jurisdiction of the defendant. An affidavit was attached to the motion, in which Morgan stated that the copy of the summons in the action was served upon him January 22d and made returnable at 2 o'clock in the forenoon on the 29th day of January, 1906. The defendant also set up in the motion the fact of alleged defective service in not leaving a copy with the officer of defendant, and further that it would appear from the original summons and affidavit of Morgan that the copy of summons served on Morgan was not in fact a copy; that by the summons the action was returnable at 2 p. m., while the copy was returnable at 2 a. m., and submitted the matter to the court to be deter· mined and the return of the officer amended to conform to the facts. The justice denied the motion to dismiss, and afterwards entered judgment for plaintiff and against defendant.

The circuit court affirmed the judgment of the justice. We are of opinion that the appearance of the defendant, though denominated in the motion a special appearance, amounted to a general appearance, and gave the court jurisdiction of the person of the defendant, and therefore the justice had power to render judgment.

It is well settled in this court that if a litigant desires to avail himself of want of jurisdiction of his person he must keep out of court for all purposes except that of objecting to jurisdiction, or, what is the same thing, moving to dismiss on that ground. If he takes any step consistent with the idea that the court has jurisdiction of his person, such appearance amounts to a general appearance and gives the court jurisdiction for all purposes. *Blackburn v. Sweet,* 38 Wis. 578; *Sanderson v. Ohio Cent. R. & C. Co.* 61 Wis. 609, 21 N. W. 818; *Alderson v. White,* 32 Wis. 308, 311; *Coad v. Coad,* 41 Wis. 23. The mere fact that the defendant stated that he appeared specially to object to the jurisdiction of the court will not protect him from the consequences of a general appearance, if the proceedings taken by him show that he appeared for any purpose consistent with jurisdiction. In the case before us the defendant moved the court to amend the return of the officer to the summons to conform to the facts. This motion was inconsistent with want of jurisdiction of the court over the person of defendant. The court could not grant the motion without jurisdiction of the person and the subject matter. The asking of the relief prayed for in the motion, whether granted or not, was a submission by defendant to the jurisdiction of the court and a waiver of all jurisdictional defects. We are therefore of opinion that the motion to amend the return and process of the court amounted to a general appearance in the action. Other questions are discussed by respondent which it is claimed are sufficient, independent of the grounds heretofore stated, to warrant af-

firmance of the judgment, but we do not deem it necessary to treat them, since we think the grounds heretofore stated fully justified the court below in affirming the judgment.

*By the Court.*—The judgment of the court below is affirmed.