. DRISCOLL, Appellant, vs. TILLMAN, imp., Respondent.

*February 16—March 13, 1917.*

*Appearance, general or special? Petition to vacate judgment for lack of jurisdiction: Immaterial allegations: Laches.*

1. Whether the appearance of a party for the purpose of making a motion in an action is a general or a special appearance does not necessarily depend upon the designation given it, but is to be determined, in case of doubt or dispute, from the nature and object of the appearance and the issues necessarily raised and litigated thereby.

2. If an appearance is for the sole purpose of moving to vacate an order or judgment for lack of jurisdiction because of no service of process on the appearing party, the appearance is special,

whether so designated or not; but if he asks for relief which can be granted only by a court having jurisdiction of his person, the appearance will be held to be general though denominated as special.

3. Where a party appeared for the sole purpose of having a judgment vacated so far as it affected his property on the ground that he was not served in the action, immaterial allegations in his petition showing how he was damaged thereby should not be held to make his appearance a general one, especially where the issue claimed to be raised by such immaterial allegations was not litigated and did not enter into the court's disposition of the case.

4. Where a party asking that a judgment obtained against him without jurisdiction of his person be set aside stands purely on his legal right, mere delay or acquiescence after discovery of the existence of the judgment will not bar the remedy unless it continued so long as to defeat the right itself.

5. A petition in the action in which the judgment was rendered is a proper remedy in such a case.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

September 25, 1909, a deficiency judgment was entered against the defendant *Clemens W. Tillman* in this action foreclosing a mortgage on land previously conveyed to him by a deed reciting that he assumed and agreed to pay the mortgage. The defendant *Tillman* was not served with either summons or complaint and made no appearance. Sometime in March, 1912, he first learned of the existence of the deficiency judgment, and on February 10, 1916, he obtained an order to show cause why the deficiency judgment should be held to be a lien upon lands owned by him and not embraced in the foreclosure action. The amended petition for the order alleged that the mortgaged premises were sold at the foreclosure sale for an inadequate price and that had the petitioner known of the sale he could have protected himself.

The circuit court found that no service of the summons and complaint was made upon *Clemens W. Tillman;* and

that he was not guilty of such laches as to bar him from the relief asked.   It held that he had made no general appearance in the action; and ordered the deficiency judgment to be set aside as to him and declared it to be no lien upon any premises owned by him.   From such order the plaintiff appealed.

For the appellant there was a brief by *Pereles, Strouse & Carter* of Milwaukee, and oral argument by *Alex. M. Strouse*.

*Oscar W. Kreutzer,* attorney, and *James D. Shaw,* of counsel, both of Milwaukee, for the respondent.

VINJE, J.   The fact that no service was made on the petitioner is clearly shown by the proof and such finding is not questioned by the plaintiff.   But he claims that the petitioner made a general appearance in the action when he came in and asked for the relief demanded in the petition as amended, based upon the allegations thereof to the effect that the mortgaged premises were sold for an inadequate price and that had petitioner known of the sale he could have protected himself.   The answer did not admit these allegations and it contained a general denial, so the pleadings technically made the inadequacy of the price an issue.   But no evidence was taken on the subject and no findings of the court made with reference thereto.   The petitioner claims that the only purpose of the allegations as to the inadequacy of price was to allege damage to him by reason of the failure to serve him. Such allegations were needless, because if the judgment was entered against him without jurisdiction damage would be presumed from such wrongful entry and he would be entitled to have it set aside as to him.   Since the petitioner appeared for the sole purpose of having the judgment vacated so far as it affected his property on the ground that he was not served in the action, it must be deemed that immaterial allegations showing how he was damaged thereby should not be held to constitute a general appearance, and especially so where the

issue claimed to be raised by such immaterial allegations was not litigated and did not enter into the trial court's disposition of the case.

While it is true petitioner does not state that he makes a special appearance, that fact does not make the appearance general. The effect of the appearance cannot be controlled by the designation given it by the appearing party. In each case of doubt or dispute the court will look at the nature and object of the appearance and the issues necessarily raised and litigated thereby, and from such inspection determine whether the appearance is general or special. If the appearance is for the sole purpose of vacating an order or judgment for lack of jurisdiction because of no service of process on the party appearing, then the appearance is special whether so designated or not. *Blackburn v. Sweet,* 38 Wis. 578; *Sanderson v. Ohio Cent. R. & C. Co.* 61 Wis. 609, 21 N. W. 818; *Kingsley v. G. N. R. Co.* 91 Wis. 380, 64 N. W. 1036; *Bestor v. Inter-County Fair,* 135 Wis. 339, 115 N. W. 809. The case of *Spencer v. Osberg,* 152 Wis. 399, 140 N. W. 67, may seem to conflict with this statement. In that case, however, the motion to vacate the judgment did not state that it was because of lack of service on the moving party. There was merely a general motion to vacate the judgment without stating upon what ground. This fact was inadvertently omitted from a statement of the case. For that reason, and because the proof in fact showed service, the trial court denied the motion and this court sustained its action. On the other hand, if the moving party asks for any relief that can be granted only by a court having jurisdiction, then the appearance will be held to be general though denominated as special. *Grantier v. Rosecrance,* 27 Wis. 488; *Anderson v. Coburn,* 27 Wis. 558; *Alderson v. White,* 32 Wis. 308; *Bestor v. Inter-County Fair,* 135 Wis. 339, 115 N. W. 809; *State ex rel. Engle v. Hilgendorf,* 136 Wis. 21, 116 N. W.

848; *Rix v. Sprague C. M. Co.* 157 Wis. 572, 147 N. W. 1001.

The circuit court properly held that the petitioner was not guilty of such laches as to bar him from the relief asked. It is true he waited about four years after he discovered the existence of the judgment and until the statutes of limitation barred plaintiff's remedy against him personally before he applied to the court for relief. But he does not ask for relief on equitable grounds. If he did, another question would be presented. He stands purely on his legal right to have a judgment obtained against him without jurisdiction of his person set aside. In such cases mere delay or acquiescence will not bar the remedy unless it has continued so long as to defeat the right itself. 5 Pom. Eq. Jur. (1 Eq. Rem.) § 24 and cases cited; *Pollard v. Wegener,* 13 Wis. 569; *Godfrey v. Wright,* 151 Wis. 372, 139 N. W. 193. The cases of *Russell v. Fish,* 149 Wis. 122, 135 N. W. 531; *Langlade R. Co. v. Magee,* 156 Wis. 457, 145 N. W. 1101; and *Bur v. Bong,* 159 Wis. 498, 150 N. W. 431, cited and relied upon by plaintiff's counsel, related to the granting of relief on equitable grounds, and hence are not applicable to the case at bar.

That a petition in the original action is a proper remedy was ruled in *Stein v. Benedict,* 83 Wis. 603, 53 N. W. 891, and in *Jackson M. Co. v. Scott,* 130 Wis. 267, 110 N. W. 184. No other claims of error are of sufficient merit to justify treatment in an opinion.

*By the Court.*—Order affirmed.