DAUPHIN, Respondent, vs. LANDRIGAN, Appellant.

*September 23—October 20, 1925.*

*Action: Breach of promise cases: Tort or contract: Appearance: Stipulation extending time to appear: Judgment: Who may enter.*

1. An action for breach of promise to marry is an action in tort within the meaning of sub. (2), sec. 2891, Stats., so far as the question of damages is concerned. p. 635.
2. Appearance in an action and a pleading therein are two distinct acts. p. 636.

3. A *stipulation within* the meaning of Circuit Court Rule V, sec. 2, at the foot of the summons, that defendant shall have until a certain time to appear, is not an appearance by the defendant within sub. (2), sec. 2891, Stats., providing that defendant appearing in an action shall be entitled to notice of an application for judgment,—appearance being the act by which a person against whom an action has been commenced submits himself to the jurisdiction of the court. p. 636.

4. A *complaint* which is construed as alleging that plaintiff promised and agreed to marry defendant upon request, and that he agreed to make the request within a reasonable time, and that such time has elapsed and defendant refuses to perform the contract, states a cause of action.   p. 637.

5. Sec. 2894, Stats., does not deprive the court itself of power to enter its own judgment, but limits the authority of the clerk to enter a judgment.   p. 637.

ESCHWEILER, J., VINJE, C. J., and JONES, J., dissent.

APPEAL from a judgment of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge.   *Affirmed.*

The plaintiff commenced this action against the defendant to recover damages for breach of promise to marry.   On the 25th day of May, 1922, plaintiff's attorneys issued a summons which was served by John O. Miller, one of plaintiff's attorneys, upon the defendant personally.   There was some discussion between the defendant and plaintiff's attorneys in regard to a settlement of the controversy and thereupon the plaintiff's attorneys made the following indorsement at the foot of the summons:

"The time for defendant, *John M. Landrigan,* to appear in the above action is hereby extended to November 1, 1922.
"Dated May 25, 1922.
                    "Miller & Miller, Plaintiff's Attorneys."

Under date of November 1, 1923, plaintiff's attorneys filed proof of service, affidavit of no answer, which affidavit contained the following statement:

"That at the time of said service [service of summons] it was stipulated with the said defendant, *John M. Landri-*

*gan,* that the time for appearing in said action be extended to November 1, 1922."

On the 8th day of November, 1923, as appears by the recitals in the judgment, the matter was brought on for a hearing before the court and jury, the jury returned a verdict against the defendant assessing plaintiff's damages at $15,000 compensatory and $3,500 punitory, and for that amount judgment was entered with costs. On the 3d day of January, 1925, the defendant appealed from the judgment so rendered, the judgment having been entered on the 5th day of January, 1924.

*R. P. Murray* of Marinette, attorney, and *G. F. Clifford* of Green Bay, of counsel, for the appellant.

For the respondent there was a brief by *Miller & Miller* of Marinette, and oral argument by *John O. Miller.*

ROSENBERRY, J. The principal question presented upon this appeal is: Was there such an appearance by the defendant by the making of the stipulation of May 25, 1922, as to entitle the defendant to notice of application for judgment under the statute? Sec. 2891, Stats. 1923, provides upon what conditions judgment may be had if the defendant has failed to answer the complaint (1) in actions on contract; (2) in other actions. While an action for breach of promise to marry is in the form of an action on contract, it is and always has been regarded as an action in tort so far as the question of damages is concerned. *Thorn v. Knapp,* 42 N. Y. 474; *Johnson v. Levy,* 118 La. 447, 43 South. 46, 9 L. R. A. N. S. 1020. So that the provisions of sub. (2) of sec. 2891 were applicable to this action. It provides: "If the defendant shall have appeared in the action he shall be entitled to eight days' notice of such application for judgment." It appears without dispute in this action that the defendant was duly and properly served and subject to the jurisdiction of the circuit court. We are not here called

upon to decide whether or not there was such an appearance as would give the court jurisdiction in the absence of service or constitute a waiver, of defective service, but to determine what constitutes appearance so as to thereafter entitle the party to notice of application for judgment. Appearance in the action and pleading in the action are distinct acts. While the filing of an answer may operate as an appearance, appearing and pleading nevertheless remain two distinct things. *Colby v. Knapp,* 13 N. H. 175; *Groves v. County Court,* 42 W. Va. 587, 26 S. E. 460. An appearance is defined as the act by which a person against whom suit has been commenced submits himself to the jurisdiction of the court. The stipulation entered into between plaintiff's attorneys and the defendant, because in accordance with the provisions of Rule V, sec. 2, it was reduced to writing and subscribed by the party against whom the same shall be alleged, or by his attorney, was a valid stipulation.

It is argued here that the making of this stipulation constituted an appearance on the part of the defendant so that the entry of judgment without notice of application therefor to him was error. If the stipulation were to do anything but "to appear" there would be great force in the argument. It cannot logically be said, however, that the making of a stipulation to do a thing is the doing of the very thing that the stipulation says may be done at a later time. If the stipulation that the defendant might have until the 1st day of November to appear constituted an appearance, then the stipulation was not a stipulation to appear because the appearance had already been made. It must be held that the making of the stipulation did not constitute an appearance by the defendant.

It is also urged that the complaint states no cause of action. The material allegations of the complaint are as follows:

"That on or about the 19th day of October, 1919, and at various times thereafter, at Marinette, Wisconsin, in con-

sideration that the plaintiff, who was then unmarried, would marry the defendant on request, the defendant promised to marry the plaintiff within a reasonable time.

"That plaintiff, relying on said promise, has always since remained and now is ready and willing to marry the defendant.

"That the defendant has failed and refused to marry the plaintiff although a reasonable time elapsed before this action and although she frequently requested him so to do."

It is argued that this states no contract and therefore the complaint states no cause of action. We think it clear that the complaint must be construed to mean that plaintiff promised and agreed to marry the defendant upon request and that he agreed to make the request within a reasonable time; that such reasonable time has elapsed and the defendant refuses to perform the contract.

It is further argued that under sec. 2894, which provides, "Judgment upon trial of an issue of fact by the court or by referees or upon failure to answer (except where the clerk is authorized to enter the same by this chapter) must be entered by the clerk upon the direction of the court," the judge had no power to sign the judgment. This section limits the authority of the clerk and does not deprive the court itself of power to enter its own judgments, so that the judgment was lawfully entered in this case.

*By the Court.*—Judgment affirmed.

Eschweiler, J. (*dissenting*). It being conceded that there was a valid service of the summons upon the defendant personally in Wisconsin, the court then and there acquired jurisdiction of the defendant, and whether the defendant thereafter did or did not cause to be served a notice of retainer, demand a copy of the complaint, or take any other steps in the action is entirely immaterial. Plaintiff's extension of time as indorsed on the summons could have no effect on the question of whether the court had jurisdiction; that was something the plaintiff could not give nor take away.

The plaintiff may, it is true, by sec. 2635 (now sec. 262.07, Stats.), by indorsement on the summons fix a time in the future for its service, which is a direction to the process server, but when once duly served the defendant is in the court's jurisdiction and not that of the plaintiff.

Sec. 2629 (now sec. 262.01, Stats.) provides:

"A civil action in a court of record shall be commenced by the service of a summons. From the time of such service . . . the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings."

The question of "appearance" by defendant, so far as the commencement of an action against him and its pendency thereafter is concerned, is material only when there has been no service or faulty service. Such default in or imperfect service of process may be waived and jurisdiction established by he himself coming in; that is, by his voluntary appearance in an action.

If an alleged defendant challenges the validity or sufficiency of the alleged service of process upon him, he may, by special appearance confined to that question alone, be heard by the court which it is asserted has jurisdiction, and that because of the fundamental importance of the court having really acquired jurisdiction in order that its judgments may be binding. But so zealous are the courts in obtaining and preserving jurisdiction that the slightest action by an alleged defendant before such challenge is made or the asking therewith of the slightest relief which is consistent with jurisdiction are each and all held to be such "appearances" in the action as to foreclose the named defendant from his challenge, however good his grounds may have been.

In *Bestor v. Inter-County Fair*, 135 Wis. 339, 341, 115 N. W. 809, the defendant, asserting his appearance to be special, moved to amend the return on the summons to conform with the facts. This, however, was held to be a

general appearance and a waiver of jurisdictional defects, the prayer for amendment being a step consistent only with the idea of jurisdiction.

The defendant must stay away from all other questions than the one of jurisdiction. *Corbett v. Physicians' C. Asso.* 135 Wis. 505, 511, 115 N. W. 365.

An application for change of venue was sufficient appearance to waive defective service in *State ex rel. Engle v. Hilgendorf,* 136 Wis. 21, 23, 116 N. W. 848. Mere presence by a defendant in justice's court on return day, the docket entry being "all parties present in court," held an appearance sufficient to cure defects in service in *State ex rel. Haeselich v. Schweitzer,* 131 Wis. 138, 111 N. W. 219.

The effect of the appearance cannot be controlled by the designation given it by the moving party. *Driscoll v. Tillman,* 165 Wis. 245, 248, 161 N. W. 795.

So far, therefore, as the indorsement in question on the summons is concerned, it had nothing to do with the question whether the court had jurisdiction of the defendant or not; that jurisdiction attached at the moment of service and was in no wise dependent upon what defendant might or might not do. It did, however, have a substantial effect upon the question as to when the defendant would, by failure to plead, be in default. Such was the substance and real nature of what was thereby granted by the indorsement, if we consider substance rather than mere phrases.

The defendant, after service upon him, had the right to defend the lawsuit in person or by attorney, both under the constitution, art. VII, sec. 20, and by statute, sec. 2585 (now sec. 256.27). By agreement between defendant and plaintiff's attorney, for the latter in his affidavit of default says that it was by stipulation, which is but the technical term to designate a contract made during and concerning a lawsuit, the plaintiff was postponing the time in which

a default judgment could be taken and defendant was obtaining an extension of the time within which he might otherwise be required to answer. The question of jurisdiction by the court was in no wise affected. Having obtained this relief, the defendant could not thereafter successfully challenge the jurisdiction of the court so far as the validity and sufficiency of the service was concerned. In *State ex rel. Att'y Gen. v. Messmore,* 14 Wis. 115, 120, after service of summons irregular on its face, defendant obtained by stipulation further time to answer. This was held to be an appearance and therefore a waiver of the objection.

The defendant, therefore, was within the jurisdiction of the court instanter upon service; he obtained further time, that which was consistent only with the idea of jurisdiction by the court which had control of the proceedings; he therefore had so appeared as to be entitled to notice of application for judgment, and in default thereof to have the judgment reversed because he has not had his day in court.

I am authorized to state that Mr. Chief Justice VINJE and Mr. Justice JONES join in this dissent.