ROCK COUNTY SAVINGS & TRUST COMPANY, Respondent, vs. HAMILTON and wife, Appellants.

*April 5—May 2, 1950.*

118

*J. H. Johnston* of Beloit, for the appellants.

For the respondent there was a brief by *Dougherty, Ryan, Moss & Wickhem* of Janesville, and oral argument by *Stanley M. Ryan* and *John C. Wickhem.*

GEHL, J. The court was right in denying defendants' motion for leave to withdraw the affidavits filed on January 27, 1949. They had become a part of the record. *Stonach v. Glessner,* 4 Wis. 288.

It is the well-established rule, stated frequently, that if a party wishes to appear specially in a proceeding, he must clearly indicate that fact and keep out of court for all other purposes. *Gilbert-Arnold Land Co. v. O'Hare,* 93 Wis. 194, 67 N. W. 38; *State ex rel. Nelson v. Grimm,* 219 Wis. 630, 263 N. W. 583. When defendants appeared on January 27, 1949, they indicated by their affidavits and by the statement of their counsel that they appeared specially, but, that they appeared also for the purpose of objecting to the receiver's report, to the fact that the wrong party plaintiff had been named, and that certain expenses and fees credited to himself by the receiver were not proper credits. Only by a general appearance could defendants raise these issues. "This was a full submission to the jurisdiction of the court, and was a general appearance." *Grantier v. Rosecrance,* 27 Wis. 488.

That the papers filed on January 27, 1949, were designated and titled as special appearances does not avail the defendants. Their content determines their character and effect. The court must look to the substance rather than to the form of an instrument; the form of a motion is of no consequence where the party makes claim upon grounds which may not be considered without his appearance in court. *Schwantz v. Morris,* 219 Wis. 404, 263 N. W. 379; *Driscoll v. Tillman,* 165 Wis. 245, 161 N. W. 795.

Defendants contend that at their first appearance they were not movants, that they asked for no affirmative relief, and that the affidavits then filed were, at most, objections which did not put defendants in court. Besides opposing plaintiff's motion for a deficiency judgment the defendants, among other things, objected to the motion to confirm the receiver's report. The filing of affidavits which contain allegations only to establish the court's lack of jurisdiction constitutes a special appearance. Where they also state a purpose to oppose or contest a motion by the opposition they constitute a general appearance, and it is not necessary that the affidavits include a prayer for affirmative relief. 3 Am. Jur., Appearances, p. 796, sec. 23; 6 C. J. S., Appearances, p. 33, sec. 12.

Defendants cite cases to the point that the inclusion of matters foreign to their specific objection that the court was without jurisdiction to grant a deficiency judgment does not affect their status. It is to be noted, however, that in the cases cited the incidental relief demanded was consistent with the objector's attack upon the ground of lack of jurisdiction. That is not true here.

The allegations of the affidavits, aside from those concerning the lack of personal service of the summons, to which reference has been made, are not such immaterial allegations as to bring the case within the rule of *Driscoll v. Tillman, supra,* relied upon by defendants.

*By the Court.*—Order affirmed.