Ashmus, Appellant, vs. Donohoe, Respondent.

*February 6—March 6, 1956.*

For the appellant there was a brief and oral argument by *N. Paley Phillips* of Milwaukee.

For the respondent there was a brief by *Eugene J. Sullivan* and *Dennis M. Sullivan,* both of Milwaukee, and oral argument by *Dennis M. Sullivan.*

MARTIN, J. In *Bestor v. Inter-County Fair* (1908), 135 Wis. 339, 341, 115 N. W. 809, this court said:

"It is well settled in this court that if a litigant desires to avail himself of want of jurisdiction of his person he must keep out of court for all purposes except that of objecting to jurisdiction, or, what is the same thing, moving to dismiss on that ground. If he takes any step consistent with the idea that the court has jurisdiction of his person, such appearance amounts to a general appearance and gives the court jurisdiction for all purposes." See also *Bitter v. Gold Creek Mining Co.* (1937), 225 Wis. 55, 273 N. W. 509.

It is plaintiff's contention that the filing of the surety bond on December 6, 1954, constituted a general appearance on behalf of the defendant. Said bond, *entitled in the principal action,* reads:

"The summons in the above-entitled action having been heretofore duly served, and the John Hennes Trucking Company summoned as garnishee, the above-named principal defendant hereby offers to permit the plaintiff above named, immediately upon entry of judgment for said plaintiff in the main action, to take judgment against him, the said defendant, and the undersigned sureties, for an amount not exceeding the sum of twenty thousand ($20,000) dollars, together with the costs and disbursements of this action, which may be obtained by said plaintiff against said principal defendant in said main action in this or any court to which the same may be removed on appeal, and also the costs of the garnishment action accrued at the time of making this offer of judgment.

"We, the undersigned sureties, hereby agree that judgment herein may be entered against us as aforesaid."

Pursuant to the filing of said document the Hennes Company was released as garnishee defendant.

In an annotation in L. R. A. 1916F, 587 *et seq.,* numerous cases are cited to the statement that:

"The question whether or not the execution and filing of a bond to secure a release or redelivery of property which has been seized by writ of attachment, garnishment, replevin, sequestration, or arrest, etc., constitute an appearance in the action, is one which depends largely on the various statutes involved. It may be said, however, that the numerical weight of authority is to the effect that if a bond operates as a discharge or dissolution of the writ under which the property was seized, the giving thereof operates as an appearance sufficient to warrant a judgment *in personam,* . . ."

Defendant's only argument as to the effect of the filing of the document is that it was not signed by the defendant but by an attorney in fact for a surety company not a party to the action and that the court subsequently held the document of no value and reinstated the garnishment action. That is immaterial; we are not here concerned with the validity of the document as a surety bond. The document was filed and in it the defendant asked the court to do something that the court could not do unless it had jurisdiction,—an act "consistent with the idea that the court has jurisdiction of his person." Under the rule of the *Bestor Case, supra,* this amounted to a general appearance and gave the court jurisdiction for all purposes.

The trial court improperly upheld the special appearance.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order granting plaintiff's motion to compel the defendant to answer.