McLAUGHLIN, Plaintiff and Respondent, v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILWAY COMPANY, Defendant: UNITED STATES FIRE INSURANCE COMPANY OF NEW YORK, Defendant and Appellant.

*March 31—April 28, 1964.*

For the appellant there was a brief by *Cornelisen, Denissen, Kranzush & Kuehn,* and oral argument by *David J. Condon,* all of Green Bay.

For the respondent there was a brief by *Everson, Whitney, O'Melia & Everson* of Green Bay, and oral argument by *E. L. Everson.*

HALLOWS, J. The term "appearance" is generally used to signify the overt act by which one against whom a suit has been commenced submits himself to the court's jurisdiction and constitutes the first act of a defendant in court. See *Dauphin v. Landrigan* (1925), 187 Wis. 633, 205 N. W. 557; 5 Am. Jur. (2d), Appearance, p. 478, sec. 1. Traditionally, appearances have been classified as general or special, the latter being for the purpose of objecting to the jurisdiction of the court over the person of the defendant. Characteristically, a special appearance could raise only the question of jurisdiction and the defendant had to keep out of court for any other purpose—the theory being any act, which recognized the case was in court, was sufficient to constitute a voluntary submission to the court's jurisdiction. The classical act involves seeking some action by the court.[1]

Prior to the amendment of the court rules effective September 1, 1956, sec. 262.17, Stats., provided that a voluntary appearance by the defendant was equivalent to personal ser-

[1] *Bestor v. Inter-County Fair* (1908), 135 Wis. 339, 115 N. W. 809; *Rock County Savings & Trust Co. v. Hamilton* (1950), 257 Wis. 116, 42 N. W. (2d) 447; *Ashmus v. Donohoe* (1956), 272 Wis. 234, 75 N. W. (2d) 303.

vice of the summons upon him. After the amendment,[2] sec. 262.17 (1) was more explicit and provided an appearance of a defendant who did not object to the jurisdiction of the court over his person was a general appearance and was equivalent to personal service of the summons upon him. At that time subs. (2) to (7) of sec. 262.17 were created. Sub. (2) allowed the joinder in the answer of an objection to jurisdiction, formerly made by a special appearance, with defenses to the merits. This section also required the objection to be raised by motion if the defect was in the service of the summons without a complaint or the defect appeared in the record other than the complaint and by demurrer when the defect appeared on the face of the complaint. This combining of objections to the jurisdiction in some instances with the defenses to the merits is not novel; nor is the requirement that the objection to jurisdiction shall be taken in the manner specified or be waived. The same result is reached under the federal rules of civil procedure and under the statutes of other states.[3] To this extent the strict requirement of staying out of court on a special appearance was abolished, as pointed out in *Punke v. Brody* (1962), 17 Wis. (2d) 9, 115 N. W. (2d) 601, and *R. B. General Trucking v. Auto Parts & Service* (1958), 3 Wis. (2d) 91, 87 N. W. (2d) 863.

While the objection to the personal jurisdiction of the court may be combined in an answer with defenses to the merits without waiving the objection to the jurisdiction, sec. 262.16, Stats. 1961, does not prohibit or prevent a defendant from making a general appearance under sub. (1)

---

[2] 271 Wis. p. vii.
[3] 5 Am. Jur. (2d), Appearance, p. 478, sec. 1; also Am. Jur. (2d), Desk Book, Document 128, p. 315. In the revision of 1959, sec. 262.17 became sec. 262.16, and the right to a jury trial on the question of fact on the issue of jurisdiction was abolished. See revision notes, sec. 262.16, 1964 Pocket Part, 30 W. S. A., p. 49.

prior to answering, demurring, or making a motion which presents an objection to the jurisdiction of the court. An appearance and a pleading are distinct and separate.

Many times a defendant does not appear in a case until he files a motion, demurrer, or answer, but it has been the custom in this state for counsel for the defendant to make an "appearance" for his client by serving on counsel for the plaintiff a written notice of retainer and appearance. Here, a common printed form of notice of retainer and appearance was served, advising the plaintiff's attorney the undersigned was retained by and appeared for the defendant in the above-entitled action and demanding all papers subsequent to the complaint be served upon them. If this notice had merely advised counsel of a retainer and had made no mention of an appearance, we would not hold that such service constituted an appearance. However, we do hold that under sec. 262.16 (1), Stats., the service on counsel for the opposite party of a notice of retainer and appearance constitutes a general appearance in the cause because at that time the defendant did not object to the jurisdiction of the court over its person and under sec. 262.07 the court had jurisdiction over the person of the defendant. The defendant's appearance being general supplies the place of the defective service and constitutes a bar to the objection in the answer to the personal jurisdiction of the court. The defendant cannot rely on sec. 262.16 (2). The objection comes too late when the defendant has made a prior general appearance under sub. (1); to hold otherwise would render that subsection meaningless. In this case the defendant in addition to appearing requested an extension of time to answer. We do not consider the request for additional time to plead to add anything to the general appearance made by service of the notice of appearance.

The defendant argues the plaintiff cannot raise any defense to the objection of the jurisdiction of the court because it has not pleaded estoppel, relying on *Schneck v. Mutual Service Casualty Co.* (1963), 18 Wis. (2d) 566, 119 N. W. (2d) 342. We do not consider this case involves estoppel or the *Schneck Case* is applicable. *Schneck* dealt with the requirement of pleading estoppel to matters affecting the merits of the cause of action. Such is not the case here. The objection which is required to be raised in the answer is to the jurisdiction of the court and raises a question preliminary to the determination of the merits of the action and under sec. 262.16 (3), Stats., is tried to the court in advance of the merits.

The answer on this issue stood contraverted and evidence of the appearance was material on the issue of jurisdiction. If the issue had been raised by motion or demurrer, obviously no further pleading by the plaintiff would have been required. We see no reason for requiring it because this preliminary issue is required to be raised in this case in the answer.

*By the Court.*—Order affirmed.