LEES, Respondent, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Appellant.

*No. 8. Argued December 2, 1970.—Decided January 5, 1971.*
(Also reported in 182 N. W. 2d 245.)

For the appellant Department of Industry, Labor & Human Relations there were briefs by *Arnold J. Spencer,* chief counsel, and *W. H. Putnam,* attorney, enforcements section, and oral argument by *Uclair W. Brandt,* assistant chief counsel of the unemployment compensation division.

For the respondent there was a brief by *Peregrine, Schimenz, Marcuvitz & Cameron* and *Hugh R. Braun,* all of Milwaukee, and oral argument by *Mr. Braun.*

CONNOR T. HANSEN, J. The respondent timely served and filed a pleading for review of the decision of the

appellant. The pleading was labeled "Petition for review Sec. 227.15, Wis. Stats." The petition alleged that the department's decision determining that respondent was the successor to the unemployment compensation account of Sahara 29, Inc., was contrary to the law and the facts, and that the department acted beyond its authority in attempting to impose liability upon a circuit court receiver for delinquent unemployment compensation fund payments. The petition included a prayer for "review of the determination of the Department . . . pursuant to the provisions of Sec. 108.10 (5), Wis. Stats., and Sec. 227.20, Wis. Stats."

On October 6, 1969, the ILHR Department filed an answer objecting to the jurisdiction of the circuit court to hear the action. On October 22, 1969, the department served an order to show cause and a petition also seeking dismissal of respondent's action for judicial review.

In disposing of the issues raised in the appellant's answer and order to show cause, the circuit court determined it had jurisdiction of the subject matter of the action and that the department had waived any objection it might have to lack of personal jurisdiction by filing an answer.

Three issues are raised on appeal:

(1) Did the circuit court have subject matter jurisdiction to review the decision of the department?

(2) Did the department waive its right to object to the personal jurisdiction of the court?

(3) Did the circuit court err in failing to dismiss the appeal because it was patently frivolous?

*Subject matter jurisdiction.*

Sec. 227.22 (2), Stats.,[1] expressly excludes from judicial review under ch. 227 procedures all matters arising

---

[1] ". . . (2) Only the provisions of ss. 227.01 to 227.21 relative to rules are applicable to matters arising out of the workmen's compensation act or the unemployment compensation act."

out of the Unemployment Compensation Act except as to matters relating to rules of the department.

However, the circuit court for Dane county has subject matter jurisdiction of an action to review the decision of the department relative to matters arising out of the Unemployment Compensation Act under the provisions of secs. 108.10 (5), 108.09 (7) and 102.23, Stats.[2]

---

[2] "108.10 . . .

"(5) The employer may commence action for the judicial review of a commission decision hereunder, provided said employer, after exhausting the remedies provided hereunder, has commenced such action within 30 days after such decision was mailed to his last known address. The scope of judicial review, and the manner thereof insofar as applicable, shall be the same as that provided in s. 108.09 (7)."

"108.09 . . .

"(7) (a) Either party may commence judicial action for the review of a decision of the commission hereunder, provided said party (after exhausting the remedies provided hereunder) has commenced such judicial action within 30 days after a decision of the commission was mailed to his last known address.

"(b) Any judicial review hereunder shall be confined to questions of law, and the other provisions of ch. 102 of the 1959 statutes with respect to judicial review of orders and awards shall likewise apply to any decision of the commission reviewed under this section. Any such judicial action may be defended, in behalf of the commission, by any qualified attorney who is a regular salaried employe of the commission and has been designated by it for this purpose, or at the commission's request by the attorney general."

"102.23 . . . the order or award, either interlocutory or final, whether judgment has been rendered thereon or not, shall be subject to review only in the manner and upon the grounds following: Within thirty days from the date of an order or award originally made by the commission as a body or following the filing of petition for review with the commission under section 102.18 any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the commission for the review of such order or award, in which action the adverse party shall also be made defendant. In such action a complaint, which need not be verified, but which shall state the grounds upon which a review is sought, shall be served with the summons. . . ." (1959 Stats.)

A court has subject matter jurisdiction if it has the power to hear the kind of action brought. Sec. 262.04 (1), Stats., provides:

"262.04 **Jurisdictional requirements for judgments against persons, status and things.** (1) JURISDICTION OF SUBJECT MATTER REQUIRED FOR ALL CIVIL ACTIONS. A court of this state may entertain a civil action only when the court has power to hear the kind of action brought. The power of the court to hear the kind of action brought is called 'jurisdiction of the subject matter.' Jurisdiction of the subject matter is conferred by the constitution and statutes of this state and by statutes of the United States; it cannot be conferred by consent of the parties. Nothing in this chapter affects the subject matter jurisdiction of any court of this state."

The statutes herein cited clearly give the circuit court for Dane county the power to hear this kind of action.

This issue is before us because the respondent labeled its pleading in the circuit court "Petition for review Sec. 227.15, Wis. Stats.," and did not serve a summons on the department as required by sec. 102.23, Stats.

Judicial review of the department's decisions relative to matters arising out of the Unemployment Compensation Act governed by the provisions of secs. 108.10 (5), 108.09 (7) and 102.23, Stats., and not the provisions of sec. 227.15. This court has held that a caption is not a part of the pleading, *Schroedel Corp. v. State Highway Comm.* (1967), 34 Wis. 2d 32, 148 N. W. 2d 691; and that the nature of the action is determined by the allegations of the pleading rather than its caption. *Wesolowski v. Erickson* (1958), 5 Wis. 2d 335, 92 N. W. 2d 898; *Durkin v. Board of Police & Fire Comm.* (1970), 48 Wis. 2d 112, 180 N. W. 2d 1. The pleading alleged that the receiver was not liable for delinquent unemployment compensation fund payments and the prayer for relief expressly requested review under sec. 108.10.

The failure of the respondent to serve a summons on the department as required by sec. 102.23, Stats., did not

deprive the circuit court of subject matter jurisdiction. This court has distinguished between the lack of subject matter jurisdiction and the failure to comply with conditions precedent necessary to acquire that jurisdiction.

". . . 'A distinction must be made between the situation where a court lacks *power* to treat a certain subject matter and the situation where a court may treat the subject generally but there has been a failure to comply with the conditions precedent necessary to acquire jurisdiction. In our opinion, only in the former situation is it correct to say that there is a lack of subject-matter jurisdiction.' *Galloway v. State* (1966), 32 Wis. 2d 414, 419, 145 N. W. 2d 761, 147 N. W. 2d 542. *See also Kenosha v. State* (1967), 35 Wis. 2d 317, 327, 151 N. W. 2d 36. . . ." *Broadbent v. Hegge* (1969), 44 Wis. 2d 719, 724, 725, 172 N. W. 2d 34.

The service of a summons is not a condition precedent necessary to the subject matter jurisdiction of the court. The purpose of a summons is to give the defendant notice that an action has been commenced against him. *Milwaukee County v. Schmidt, Garden & Erikson* (1967), 35 Wis. 2d 33, 150 N. W. 2d 354. Service of a summons is in most instances necessary to the court's jurisdiction over the defendant's person. Secs. 262.04 (2), 262.06 and 262.07, Stats.

However, the service of a summons is not necessary to the court's subject matter jurisdiction. Ch. 262, Stats., deals with the requirement of the service of a summons in civil actions. But sec. 262.04 (1), defining the court's subject matter jurisdiction expressly states: "Nothing in this chapter affects the subject matter jurisdiction of any court of this state."

*Personal jurisdiction.*

The department, in its answer, objected to the court's jurisdiction as follows:

"(6) Alleges that the 'Petition for review Sec. 227.15, Wis. Stats.,' of this appellant, James P. Lees, is completely invalid, improper, and a legal nullity conferring no jurisdiction whatsoever upon this court since the instant matter does not involve any rule making by the Department of Industry, Labor And Human Relations under the Wisconsin Unemployment Compensation Act and Section 227.22 (2) of Title XVIII, Administrative Procedure And Review, expressly provides:

"'Only the provisions of ss. 227.01 to 227.21 *relative to rules* are applicable to matters arising out of the workmen's compensation act *or the* unemployment compensation act.' (Emphasis Supplied.)

". . .

"Wherefore, the Department of Industry, Labor And Human Relations, moves for the entry of an order now dismissing for lack of jurisdiction this invalid and improper attempt to apply Chapter 227 (the Administrative Procedure Act) and for judgment that the August 13, 1969 Decision of the Department be in all respects confirmed."

By this allegation, the department challenged the court's jurisdiction to hear the action because ch. 227 does not give it the power to do so. Thus, the allegation challenged the subject matter jurisdiction and not the personal jurisdiction of the court. The answer was filed on October 6, 1969.

On October 22, 1969, the department served an order to show cause and a petition in which it raised the issue of the failure of the respondent to serve a summons as required by sec. 102.23, Stats.:

"(3) THAT no *'action'* on behalf of James P. Lees represented by a summons and complaint was started here within 30 days of the Commission's adverse Decision of August 13, 1969, all as expressly required by Sections 102.23, 108.09 (7) (b) and 108.10 (5), Wis. Stats., *and* previous decisions of both this Court and of the Wisconsin Supreme Court."

While lack of subject matter jurisdiction may be raised at any time, *Moreland Corp. v. Retail Store Employees*

*Union* (1962), 16 Wis. 2d 499, 114 N. W. 2d 876, a party who appears and fails to object to the court's jurisdiction to his person submits to the jurisdiction of the court. Secs. 262.07 and 262.16 (1), Stats.

In this case the department appeared by filing an answer solely for the purpose of objecting to the subject matter jurisdiction of the court. The majority of jurisdictions hold that a party who appears to object to the court's jurisdiction of the subject matter thereby submits to the jurisdiction of the court to his person. The majority rule is predicated upon the theory that an objection to subject matter jurisdiction relates to the merits, and to grant relief the defendant must be regularly before the court. *Objection before judgment to jurisdiction of court over subject matter as constituting general appearance.* Annot. 25 A. L. R. 2d 833.

This court has held that where an appearance is made and relief is sought on other matters, an objection of lack of personal jurisdiction is waived.

"It has often been held in this court in cases involving the question of whether a court has acquired jurisdiction over a defendant that he who wishes to challenge the alleged jurisdiction of a court over him must confine himself solely to that question, and if by any application on his behalf relief is sought on other matters or of a nature which would require the recognition of the jurisdiction of the court, that the objection on the ground of want of jurisdiction is waived and lost and cannot thereafter be re-asserted; that is, a defendant cannot be allowed to assert that the court is without proper jurisdiction over him and at the same time ask the same court for other relief which could only be granted by a court having proper jurisdiction. *State ex rel. Engle v. Hilgendorf,* 136 Wis. 21, 116 N. W. 848; *Rix v. Sprague C. M. Co.* 157 Wis. 572, 147 N. W. 1001; *Bestor v. Inter-County Fair,* 135 Wis. 339, 115 N. W. 809; *Blackburn v. Sweet,* 38 Wis. 578." *Simon v. de Gersdorff* (1917), 166 Wis. 170, 174, 164 N. W. 818.

"In *Bestor v. Inter-County Fair* (1908), 135 Wis. 339, 341, 115 N. W. 809, this court said:

" 'It is well settled in this court that if a litigant desires to avail himself of want of jurisdiction of his person he must keep out of court for all purposes except that of objecting to jurisdiction, or, what is the same thing, moving to dismiss on that ground. If he takes any step consistent with the idea that the court has jurisdiction of his person, such appearance amounts to a general appearance and gives the court jurisdiction for all purposes.' See also *Bitter v. Gold Creek Mining Co.* (1937), 225 Wis. 55, 273 N. W. 509." *Ashmus v. Donohoe* (1956), 272 Wis. 234, 236, 75 N. W. 2d 303.

Moreover, sec. 262.16 (1), Stats., defines the term "general appearance" to include any appearance in which the defendant does not object to the jurisdiction of the court over his person.

"262.16 **Raising objection to personal jurisdiction, general appearance.** (1) GENERAL APPEARANCE. An appearance of a defendant who does not object to the jurisdiction of the court over his person is a general appearance and gives the court personal jurisdiction over him."

Under this statute, an "answer" alleging the lack of jurisdiction of the court over the subject matter of the action and requesting dismissal would be a general appearance and would give the court personal jurisdiction over the defendant. Since, by making such an appearance, the appellant waived its right to object to the court's personal jurisdiction, the appellant's subsequent petition alleging the failure of the respondent to serve a summons was not effective to raise the issue of lack of personal jurisdiction.

*Trial court's failure to dismiss appeal.*

The trial court did not specifically rule on appellant's motion to dismiss respondent's appeal because it was patently frivolous and without merit. However, the trial court in its decision denying the department's motion to dismiss, directed the parties to submit briefs on the

merits and in its order directing the dismissal of the department's motion, ordered it to make its return pursuant to the provisions of sec. 102.23, Stats.

No return has been made by the department; the merits of the dispute between the parties to this appeal are not before us. We conclude that the trial court's direction to the department to make its return, and to the parties to submit briefs on the merits, is dispositive of this issue, and constitutes a denial of appellant's motion to dismiss the appeal as frivolous and without merit.

*By the Court.*—Order affirmed.