In re the MARRIAGE OF:

Debra S. MEYER, p/k/a Debra Teasdale, Joint-Petitioner,

v.

Clay TEASDALE, Joint-Petitioner-Appellant,

MARINETTE COUNTY CHILD SUPPORT AGENCY, Respondent.

Court of Appeals

No. 2008AP2827. *Submitted on briefs July 21, 2009.*
—*Decided September 15, 2009.*

2009 WI App 152

(Also reported in 775 N.W.2d 123.)

On behalf of the joint-petitioner-appellant, the cause was submitted on the briefs of *Clay Teasdale*, pro se.

On behalf of the respondent, the cause was submitted on the brief of *Gale Mattison*, Marinette County corporation counsel.

Before Hoover, P.J., Peterson and Brunner, JJ.[1]

¶ 1. HOOVER, P.J. Clay Teasdale appeals a warrant and commitment order and an order denying his motion for postdisposition relief. The warrant and commitment order (commitment order) was entered after Teasdale failed to comply with the purge conditions of a remedial contempt order based on his failure to pay child support. Teasdale argues the circuit court lacked competency to proceed because the request for the commitment order was signed and filed by a nonattorney. Teasdale further argues the commitment order is invalid because he was deprived of due process when he was not notified of the request for the order and not provided a hearing to demonstrate he was unable to comply with the purge conditions. Finally, Teasdale contends the circuit court erroneously exercised its discretion at the postdisposition motion hearing because it applied an improper legal standard. We conclude the child support agency's request for a commitment order should have been stricken from the record. We therefore reverse and direct the circuit court to vacate the commitment order.

## BACKGROUND

¶ 2. On January 2, 2007, the circuit court entered a remedial contempt order after Teasdale acknowledged he was in contempt of court for failure to pay child support. The court sentenced Teasdale to thirty days' jail, but stayed the commitment pending compliance with several purge conditions. As relevant here, the order required Teasdale to make $500 per month child support payments, plus $50 monthly toward arrears, effective upon employment.

---

[1] This appeal was decided by a three-judge panel pursuant to Chief Judge Brown's September 11, 2009 order.

¶ 3. Mary Mallgren, a case specialist with the child support agency, filed an affidavit with the circuit court on August 30, 2007, indicating Teasdale failed to comply with the purge conditions. Mallgren indicated Teasdale commenced employment on June 11, 2007, but that, to date, no support payments were received. She further indicated the employer reported the pay rate as one hundred percent commission and Teasdale's year-to-date income as zero. The next day, the circuit court signed the commitment order.

¶ 4. For whatever reason, however, Teasdale was not arrested.[2] Several months later, Teasdale moved to strike Mallgren's affidavit and vacate the commitment order. Teasdale claimed he had recently learned of the order "through local gossip." The court then mailed a notice of hearing on the motion. However, because Teasdale filed a notice of appeal and motion for relief pending appeal, the circuit court cancelled the hearing on the motion to vacate. As we noted in a previous order, it appears possible due to the timing and a holiday that Teasdale's notice of appeal crossed in the mail with the notice of hearing.[3] Regardless, the court did not stay the commitment order pending the hearing, which was not scheduled to occur for another month. We ultimately rejected Teasdale's appeal as

[2] The record contains a letter dated October 25, 2007, from Teasdale notifying the child support agency and clerk of court of a change of address. The new address was in Menominee, Michigan, which we note is located across the river from Marinette, Wisconsin, where Teasdale previously resided.

[3] The motion to vacate was dated December 20, 2007, and file stamped December 27. The notice of hearing was dated December 28 and file stamped December 31. The notice of appeal was dated January 2, 2008.

premature and remanded because the circuit court had not ruled on his motion.

¶ 5. On remand, the circuit court held a motion hearing at which Teasdale called Mallgren to testify about filing the affidavit requesting a commitment order. Mallgren testified it was the Marinette County Child Support Agency's practice that the case specialist would prepare both the affidavit in support of a commitment order and the commitment order and present it directly to the judge. The agency is located within the courthouse and no cover letter would accompany the documents. Mallgren confirmed she "actually appl[ied] to the presiding judge . . . to issue a warrant and commitment order" and did not provide notice to any party. The judge, who was from Door County but presiding in this action in Marinette County, noted "this is the same exact procedure," as in Door County, where "it's walked across the hallway . . . to me." Teasdale declined the court's offer to have him testify at the hearing and he did not submit any other evidence relevant to his ability to comply with the purge conditions.

¶ 6. The agency represented that its request for the commitment order was based solely on the failure to make support payments. The court agreed and found that was the purge condition Teasdale failed to comply with. The court stated if Teasdale "wants to go take a job . . . where he's not receiving any income, absolutely, that's his right to do, but it does not at all affect his obligation to immediately, upon employment, begin paying the [$550] per month . . . ." The court therefore reaffirmed the commitment order. Teasdale immediately moved the circuit court to again stay the commitment order pending appeal. That request was granted and Teasdale now appeals.

## DISCUSSION

■

¶ 7. We first reject Teasdale's argument that the circuit court erred by strictly upholding the terms of the purge conditions requiring him to pay child support upon his employment. While the record does indicate Teasdale had earned no income at his new job, it was Teasdale's burden to prove that the conditions were not feasible. *See State ex rel. V.J.H. v. C.A.B.*, 163 Wis. 2d 833, 843–44, 846, 472 N.W.2d 839 (1991). Teasdale presented no evidence, through testimony or otherwise, to show his failure to earn a single commission over the course of several months was anything but a "willful and intentional" flouting of the purge conditions. *Id.* at 844.

■

¶ 8. Nonetheless, we agree with Teasdale that the procedure by which the agency obtained the commitment order was improper on numerous grounds. Mallgren's affidavit begins: "I am a representative of the MARINETTE County Child Support Agency which represents the State of Wisconsin." Her affidavit concludes: This affidavit is made in support of *my request for an order* to arrest and commit CLAY F. TEASDALE to ... serve the sentence of this court." (Emphasis added.) The affidavit was accompanied by the court order drafted by Mallgren, but not by any separate written motion.

¶ 9. WISCONSIN STAT. § 802.01(2)(a)[4] states: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be

[4] All references to the Wisconsin Statutes and Supreme Court Rules are to the 2007–08 version unless otherwise noted.

made in writing, shall state with particularity the grounds therefore, and shall set forth the relief or order sought." Although not titled a motion, Mallgren's affidavit would meet the requirements of § 802.01(2)(a), especially since she submitted it with a proposed order.[5] But, unrepresented parties aside, every motion filed in court must be signed by an attorney or it "shall be stricken . . . ." WIS. STAT. § 802.05(1). An attorney's signature serves as a certification to the court that the motion is properly supported by the facts and law and not being presented for any improper purpose. *See* WIS. STAT. § 802.05(2).

¶ 10. Additionally, "[t]he filing of pleadings and other papers with the court . . . shall be made by filing them with the clerk of circuit court." WIS. STAT. § 801.16(1). Mallgren failed to do this. Instead, she provided them directly, and exclusively, to the court. "[E]very written motion other than one which may be heard ex parte, and every . . . similar paper shall be served upon each of the parties." WIS. STAT. § 801.14(1). An attorney would have known it is improper to initiate ex parte communications. *See* SCR 20:3.5(b). The circuit court similarly has a duty to reject ex parte communications.[6] *See* SCR 60.04(1)(g).

---

[5] The agency essentially argues the affidavit and proposed order did not serve as a motion because they were not titled as such. However, we consider a document's content as well as its title. *See Lees v. DIHLR*, 49 Wis. 2d 491, 496, 182 N.W.2d 245 (1971).

[6] We do not mean to suggest there was any intentional misconduct by the circuit court in this case. The specific issue addressed herein has not previously been addressed. We recognize certain procedures may sometimes persist over a significant period of time without question. Indeed, in this case, it appears the improper procedure persists in multiple counties.

██

¶ 11. Further, motions "shall" be heard on a minimum of five days' notice. WIS. STAT. § 801.15(4). Yet, here the agency's request for a commitment order was granted the day after its submission. A contemnor is entitled to an opportunity to request a hearing *before* being committed to jail for allegedly failing to comply with purge conditions. *V.J.H.*, 163 Wis. 2d at 838, 842–44 ("When a contemnor's liberty interests are at risk he or she must be given the opportunity to show the court that the failure to comply with the purge condition was not willful and intentional."). Thus, as a matter of necessity, the contemnor must be provided notice of the allegations before any arrest warrant is issued.[7] In light of our decision in *V.J.H.*, the court's policy as described in this case, to jail the contemnor first and ask questions later, cannot be condoned.[8]

¶ 12. As a matter of fortuity, in this case Teasdale did receive both actual notice and a hearing prior to incarceration. However, the matter should not have

---

[7] Not only did the agency fail to provide Teasdale notice, but when he learned of the commitment order, the agency refused to provide him with copies of the filed documents until Teasdale paid for them in advance. This resulted in an additional three-week delay in the notice of allegations.

[8] The circuit court stated:

I ... checked with ... the presiding judge here in Marinette County ... and Marinette County utilizes the same exact process we use in Door County when an individual is committed as the result of a contempt finding and subsequent order or warrant. The individual who has been incarcerated is given the opportunity to be brought before the Court to, again, explain why they shouldn't be or continue to be confined or to provide the Court with information as to their compliance with the purge conditions. It's the same process and the same procedure we utilize in Door County.

proceeded that far because WIS. STAT. § 802.05(1) required the circuit court to strike Mallgren's affidavit and proposed order from the record. But for the agency's ex parte submission of the improperly subscribed motion, no commitment order would have issued because the circuit court would have had no grounds to conclude Teasdale failed to comply with any purge conditions.[9] We therefore direct the circuit court to vacate the warrant and commitment order.

*By the Court.*—Orders reversed and cause remanded with directions.

---

[9] Additionally, Mallgren's actions constitute the unauthorized practice of law under WIS. STAT. § 757.30. We are reluctant to affirm an order derived from such conduct.