# Harris, Appellant, v. Harris.

*Wills—Trusts and trustees—Active trusts—Devise.*

A devise by a testatrix of the real estate to her executors, who were her four surviving children, in trust "to hold the same and to divide the rents and profits thereof among my said children, and with full power to sell and dispose of the same or any part thereof till such time as all my said children or the survivors agree that the same shall be sold or divided, when the said real estate or the remaining portion thereof and the proceeds of all sales thereof shall be equally divided among them," constitutes an active trust which can only be ended by the consent of all four of the children, or their survivors.

Argued Jan. 14, 1903.    Appeal, No.          by plaintiff, from decree of C. P. No. 4, Phila. Co., Sept. T, 1901, No. 4203, dismissing bill in equity in case of Albert H. Harris v. Henry G. Harris, Mary S. Harris and Anna G. Harris. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for partition.
Demurrer to bill.

WILLSON, J., filed the following opinion:

The bill alleges that the parties named as plaintiff and defendants together hold several pieces of real estate, which are described in the bill, in undivided interests.    The plaintiff desires to have partition made of those properties, and has filed this bill for the purpose of having such partition made.    Whatever right or title the parties, plaintiff and defendants, have to the properties referred to arose by virtue of the provisions of the will of their mother, Amanda G. Harris, who died seized of the said pieces of real estate on November 15, 1897.    By her will, which was duly proved, she directed as follows : "My real estate I give and devise to my executors in trust, to hold the same and to divide the rents and profits thereof among my said children, and with full power to sell and dispose of the same, or any part thereof, till such time as all my said children, or the survivors, agree that the same shall be sold or divided, when the said real estate, or the remaining portion thereof, and

the proceeds of all the sales thereof, shall be equally divided among them.    All other estate of which I may die possessed I give to my said children."

The parties to this proceeding are the children in whose favor said provision of the will was made, and they were all living and of full age at the time of the death of the testatrix. Whether or not the plaintiff is entitled to obtain relief in the court and have partition of the properties concerned made, depends upon the construction which is to be given to the portion of the will already quoted.    The plaintiff's bill is founded upon the theory that the trust which was in terms created by the will over the real estate in question was a dry trust, and that the estate which passed to the testatrix's children under the will was a vested estate.    On the part of the defendants it is claimed that the trust was an active one, and that no partition can be made against the objection of any one of the children of the testatrix; in other words, that the trust will be operative until such time as all of the children, or the survivors of the children of the testatrix, shall agree that the real estate shall be sold or divided.    It is conceded on all sides that if the trust created by the will is and remains to the present time an active trust, then the bill asking for a partition cannot be sustained.    The question to be determined, therefore, is whether the clause of the will before quoted ought to be interpreted as creating such an active trust.

We are of the opinion that the trust is still active and operative.    The real estate was devised to the executors of the will, the trust imposed on them was to hold the same and to divide the rents and profits thereof among the children of the testatrix.    That, of course, imposed upon the executors the right and duty of collecting the rents and profits.    Power was given to them to sell and dispose of the real estate, or any part of it, " till such time as all my said children, or the survivors, agree that the same shall be sold or divided."    If the devise had been in the terms just stated, without any postponement of the time when the children should, by the directions of the will, be entitled to receive the full benefit of it, it would undoubtedly be proper to hold that the trust was a dry one and that the estate was vested in fee in the children.    It seems to us, however, that we must conclude that the testatrix had some purpose in

mind when she postponed the time for distribution and division until there should be a unanimous desire on the part of the children that the distribution and division should be made. What this purpose was we may not be able to determine, but that the testatrix had some purpose in mind would seem to be made clear by the final clause of the portion of the will referred to, which applied to the personal estate of the testatrix. This clause reads as follows: "All other estate of which I may die possessed, I give to my said children." By that provision they took at once on the death of their mother on the probate of her will, an absolute, immediate estate in all her personal property. As to the real estate, for some reason, she seems to have contemplated and provided for a postponement of the time when they would have a like interest. It may have been that she did not desire or intend that any one of her children immediately upon her death should acquire such an estate as could be parted with and thus be taken from the survivors of her children, who, at a later date, might constitute a class much smaller in number than the four who were intended, in the first instance, to be provided for by the will. The testatrix seems, so far as the express language of her will indicates anything upon the subject, to have had in her thought only her children, and to have endeavored to provide for them and their survivors.

We do not intend to decide that the issue of any deceased child would take no interest in the property devised in trust. That is a question to be decided at the proper time, if it should ever arise. What we do mean to hold is this, that, as we construe the will in question, it vested the title to the real estate in the executors in trust, with active duties, which were intended and directed to continue for a definite lawful purpose to the time when all the children, or the survivors of the children, of the testatrix, should agree upon a sale or division of the property. That time has not yet arrived, and the duties of the executors and trustees must, therefore, be regarded as still active and operative.

We do not think that the case of Caldwell v. Snyder, 178 Pa. 420, militates against the view which we have expressed. In that case it appears that the testator provided that all of the rest and residue of his estate, real and personal, should be equally divided between his children, subject to certain deduc-

tions.  He also directed his executors to sell or lease any or
all of his real estate at any time that it might be possible, and
by the agreement of his wife and the majority of his heirs.
The Supreme Court in that case held that a partition of the
estate should be made at the instance of one of the devisees
under the will, but it is to be noted that in that case the de-
vise of the property was to the children directly, and no gen-
eral unrestricted duty of collecting and distributing rents and
profits and making sale of the property was imposed upon the
executors.  No power of sale was conferred upon them, ex-
cepting in case of an agreement between the wife and the
majority of the heirs.  In the case in hand the real estate was
devised in trust to the executors.  They were given the power
to collect and distribute rents and profits, and they were also
given power to sell and dispose of the real estate, or any part
of it, until the time should arrive when the children, or the
survivors of them, by unanimous act, should terminate the
trust by requiring that the property should be sold or divided.
We think there is a radical difference between the two cases.

There is some resemblance between the present case and
Baum's Appeal, 4 Pennypacker, 25.  In that case the testator
disposed of all the residue of his estate, real and personal, " in
the same manner that it would descend and be distributed
under the intestate laws of the commonwealth now in force."
He also gave to the executors of his will full power to make
sale of any of his real estate.  In addition, he directed that in
case his grandchildren, who were the persons the will was
intended to benefit, " at any time by unanimous consent elect
to take the unsold land instead of the proceeds thereof, they
may do so."  Several years after the death of the testator in
that case, one of the grandchildren filed a petition asking that
a partition should be made of the real estate, which was re-
fused in the lower court, and in the Supreme Court the decree
of the lower court was sustained.  The opinion was per curiam
and brief.  It reads as follows : " No fact is shown to justify
the court in interfering with the large discretonary power
given to the executors as to the time of selling the real estate,
and the unanimous consent of all the grandchildren to take the
unsold land instead of the proceeds thereof, had not been
obtained."

It seems to us that the case before us presents stronger elements against the right to demand partition than does Baum's Appeal. So far as the latter case has any bearing upon the questions which are involved in the matter in hand, we think it sustains the view previously expressed, and, upon that view, we are of the opinion that the demurrer filed to the bill must be sustained and the bill dismissed with costs.

*Error assigned* was decree dismissing bill.

*Frank P. Prichard*, for appellant, cited : Caldwell v. Snyder, 178 Pa. 420 ; Baum's App., 4 Penny. 25.

*Thomas Cahall*, with him *Charles C. Lister*, for appellee.

PER CURIAM, May 4, 1903 ;

The decree is affirmed on the opinion of the learned judge below.