EULE, Respondent, v. EULE, Appellant.

*December 3, 1959—January 5, 1960.*

For the appellant there was a brief by *Glassner, Clancy & Glassner* of Milwaukee, and oral argument by *Lawrence Clancy* and *William E. Glassner, Jr.*

For the respondent there was a brief by *Wittig & Wittig* of Milwaukee, and oral argument by *John A. Wittig.*

HALLOWS, J. The first question presented is whether a Wisconsin court having personal jurisdiction of the husband and wife in an action by the wife for a divorce, alimony, custody of the minor child and its support, must give full faith and credit to an Illinois divorce decree awarding custody of the child to the husband when that decree was obtained by the husband in a divorce action in an Illinois court which had no personal jurisdiction over the mother or the child. No question is raised on this appeal that the Illinois decree so far as it dissolved the marital status of the parties is not entitled to full faith and credit. The question concerns only that part of the Illinois decree awarding custody and making no reference to alimony.

It is without dispute that the mother and the child resided in Wisconsin and the appellant husband resided in Illinois. The parties were married in Wisconsin July 6, 1953, and for sometime lived in New York. On November 27, 1955, the wife left the husband, taking the child with her. Neither the mother nor the child was within the state of Illinois at the time of the Illinois divorce proceeding or personally served in Illinois.

The appellant urges that full faith and credit of the entire Illinois decree must be given under sec. 247.21, Stats. This section does not add anything that is not required by sec. 1, art. IV of the United States constitution on full faith and credit. It applies to decrees of annulment of marriage or divorce when the jurisdiction of such foreign courts was obtained in the manner and in substantial conformity with methods of commencing such actions in this state. The section does not expressly refer to custody of children or to decrees of alimony. We do not construe the statute to change the case law in this state as to those matters. Alimony and custody of children are separate issues in a divorce action and if not adjudicated in the divorce action may be the subject of a separate action. A divorce action is divisible into status, alimony, and custody. *Pollock v. Pollock* (1956), 273 Wis. 233, 77 N. W. (2d) 485.

The gist of the appellant's argument is that the Illinois decree is entitled to full faith and credit, even though the respondent was not personally served in the state of Illinois because she made an appearance and therefore participated in that action. It is true that the defendant appeared but under the law of Illinois it was a special and limited appearance to raise the jurisdictional question and was so treated by the Illinois court. In the order of the Illinois court finding the respondent in default it is recited the respondent failed to file an answer or otherwise make an appearance in the action. The appellant relies on *Davis v. Davis* (1938),

305 U. S. 32, 68 Sup. Ct. 1216, 92 L. Ed. 1566; *Williams v. North Carolina* (1942), 317 U. S. 287, 63 Sup. Ct. 207, 87 L. Ed. 279; *Sherrer v. Sherrer* (1948), 334 U. S. 343, 68 Sup. Ct. 1087, 92 L. Ed. 1429; *Coe v. Coe* (1948), 334 U. S. 378, 68 Sup. Ct. 1094, 92 L. Ed. 1451.

Those cases involved the jurisdiction of foreign courts to grant divorces dissolving the marital status, not jurisdiction to award custody of children of the parties or alimony. The doctrine of the *Sherrer* and *Coe Cases, supra,* that the opportunity of the nonresident to contest the jurisdictional issue of domicile is sufficient to give the court jurisdiction to dissolve the marital status has not been applied to sustain jurisdiction in custody cases. In those cases, as pointed out by this court in *Davis v. Davis* (1951), 259 Wis. 1, 47 N. W. (2d) 338, both parties to each action were physically present and participated in the divorce proceedings. The *Davis Case, supra,* concluded that "personal appearance" or the opportunity to participate meant physically present in court and a special appearance by counsel did not amount to a personal appearance by the party. Such is the situation with this respondent. She made a special appearance under the law of Illinois but not a personal appearance for the purpose of contesting not domicile, but an issue of jurisdiction which is not being relitigated in this action.

Since the *Sherrer* and *Coe Cases, supra,* were decided the United States supreme court had an opportunity to apply the personal-appearance doctrine to custody cases but did not do so. In *May v. Anderson* (1953), 345 U. S. 528, 73 Sup. Ct. 840, 97 L. Ed. 1221, the court considered a Wisconsin *ex parte* divorce awarding custody to the husband of children who were with their mother in Ohio, who was not personally served in Wisconsin, and held that in a *habeas corpus* proceeding which raised the issue of the right of the mother to possession of her minor children, the Ohio court

was not bound by the full-faith-and-credit clause of the federal constitution to give effect to the Wisconsin decree because the Wisconsin court did not have personal jurisdiction of the mother. The argument that personal jurisdiction was not required of the mother was advanced in the dissenting opinion. The majority opinion stated the rights of parents to the custody, care, management, and companionship of their minor children were far too precious to be cut off by a court which did not have jurisdiction over the parents *in personam*. A parent's right to custody of his children is a personal right and cannot be affected in a divorce action unless the court has personal jurisdiction over the parent. The full-faith-and-credit clause does not entitle a judgment *in personam* to extraterritorial effect when it is made to appear such judgment was rendered without personal jurisdiction of the person sought to be bound.

The rule is stated in 17A Am. Jur., Divorce and Separation, p. 177, sec. 994, "Thus, where a nonresident parent has custody of a child in another state after a separation of the spouses, and has a right to custody, this is a personal right which cannot be terminated without jurisdiction over such parent *in personam;* the divorce court, in a state in which he or she is not domiciled, cannot gain jurisdiction to terminate that right by constructive service." Citing *May v. Anderson, supra; Kline v. Kline* (1881), 57 Iowa 386, 10 N. W. 825; *Newell v. Newell* (1956), 77 Idaho 355, 293 Pac. (2d) 663; *Harris v. Harris* (1894), 115 N. C. 587, 20 S. E. 187. For discussion of this and related problems on lack of jurisdiction in custody cases see Annos. 116 A. L. R. 1304, and 160 A. L. R. 403. The case of *Greef v. Greef* (1959), 6 Wis. (2d) 269, 94 N. W. (2d) 625, cited by the appellant, is not in point. In that case the court granting custody of the children had and retained personal jurisdiction over the parties. The state of Illinois had no personal jurisdiction in this case.

Since the Illinois decree granted custody of the child to the appellant in a divorce action in which the Illinois court did not have personal jurisdiction over the mother or jurisdiction over the child, the Illinois decree to that extent is not entitled to full faith and credit in this state.

There is an additional reason why the Illinois decree so far as the custody is concerned is not entitled to full faith and credit. The original complaint sought only a divorce. On March 21, 1958, an order of default was entered. Another order on the same day was entered by the Illinois court allowing the appellant to amend the complaint *instanter* to include a prayer for custody of the minor child. Within ten days thereafter the *ex parte* decree was granted awarding custody. There is no recitation in this decree that the respondent was ever served with the amended complaint or had notice of it. The facts in the record are that she denies having any knowledge of the amended complaint and service thereof. This fact is uncontested. Under such circumstances the Illinois court is without any jurisdiction to grant custody of the child to the appellant.

A court must have personal jurisdiction over a person to bind him on the issue of alimony. In *Estin v. Estin* (1948), 334 U. S. 541, 68 Sup. Ct. 1213, 92 L. Ed. 1561, and *Kreiger v. Kreiger* (1948), 334 U. S. 555, 68 Sup. Ct. 1221, 92 L. Ed. 1572, the United States supreme court sustained the validity of Nevada divorce decrees obtained without personal service on the wife so far as it dissolved the bonds of matrimony, but held Nevada was without power to cut off in such *ex parte* divorce proceedings the wife's right to financial support under a prior decree of another state. In these cases the supreme court recognized the divisibility of a decree of divorce as this court did in the *Pollock Case, supra.* In a divorce action commenced by the wife in which there is no personal jurisdiction over the husband the court is without power to grant alimony binding

upon the husband because the duty to pay alimony is personal. Likewise, a court without personal jurisdiction over the defendant wife cannot foreclose her or cut off her right to alimony because the right to alimony is a personal right.

Whether the Illinois decree passed on the question of alimony inferentially by making no provision for it, as contended by the appellant, or did not pass on the issue as urged by the respondent, is immaterial because in either case the court had no jurisdiction *in personam* to adjudicate the issue. In *Armstrong v. Armstrong* (1956), 350 U. S. 568, 76 Sup. Ct. 629, 100 L. Ed. 705, a husband residing in Florida obtained a Florida decree of divorce on constructive service which provided no award of alimony was made to the wife who was in Ohio and did not appear. The supreme court held the Florida court did not adjudicate the wife's right to alimony and the Ohio court did not fail to give full faith and credit to the Florida decree when it denied a divorce to the wife because of the prior Florida decree but granted the wife alimony. In the dissenting opinion four justices were of the opinion that the Florida court did adjudicate the question of alimony and because the right to alimony was personal, it could not be adjudicated without personal service and on that ground the decree was not entitled to full faith and credit. See also *Griffin v. Griffin* (1946), 327 U. S. 220, 66 Sup. Ct. 556, 90 L. Ed. 635.

The appellant having personally submitted to the jurisdiction of the trial court in this action, it has the power to adjudicate both the issue of custody and support of the child of the parties and the issue of alimony. It likewise follows the court has jurisdiction to pass on and grant attorney's fees.

The trial court did not abuse its discretion in exercising its equitable powers to restrain the appellant from the collection of the $69 supreme court costs while the appellant was in arrears for the support of his minor child under an

order to pay alimony and support money. The record shows the appellant was in default in the payment of support and alimony and the question of his being in contempt of court for failure to comply with the court commissioner's order of April 9, 1958, was before the court. We find no injustice to the appellant in restraining him from collecting the court costs under the circumstances or any equity in allowing him to do so.

*By the Court.*—The orders appealed from are affirmed.

MARTIN, C. J., took no part.