SCHROFF, Plaintiff-Respondent, v. SCHROFF, Defendant-Appellant.

Supreme Court

*No. 77–288. Argued October 3, 1978.—Decided October 31, 1978.*
(Also reported in 271 N.W.2d 379.)

For the appellant there were briefs by *John J. Ottusch* and *Cook & Franke, S. C.,* of Milwaukee, and oral argument by *Mr. Ottusch.*

For the respondent there was a brief by *Meldman & Meldman, S. C.,* of Milwaukee, and oral argument by *Clifford K. Meldman.*

DAY, J.   This is an appeal from a judgment entered September 19, 1977 which reduced family support payments established by a previous Florida divorce judgment. We hold that the Wisconsin court lacked jurisdiction in the matter and accordingly vacate the judgment.

The defendant-appellant, Karen Zeanah Schroff, and the plaintiff, William K. Schroff, were married on June 4, 1968 in Florida. After their marriage, they lived together first in Florida and then in New Jersey where their two children were born. While living in

New Jersey the couple separated. On August 27, 1975, they signed a marriage settlement agreement in New Jersey following which Karen Schroff moved to Florida with the children where she continued to live and was living at the time the judgment in this case was entered. The parties have never lived together in the State of Wisconsin. The only time she had been to Wisconsin was to bring the children to visit Mr. Schroff for approximately a week in March of 1976.

This action began when William Schroff filed a summons and complaint for legal separation in the circuit court of Milwaukee county in July, 1976. Karen Schroff was personally served on July 26, 1976 in that action while she was in Florida. Earlier, on July 2, 1976, Karen Schroff brought an action for Dissolution of Marriage against her husband in the circuit court of Hillsborough county, Florida. He was served personally on July 31, 1976 while he was in Florida.

On August 11, 1976, he moved the court in Milwaukee to set his action for legal separation for immediate trial. On August 13, 1976, Karen Schroff moved the circuit court of Milwaukee county to dismiss the action for the reason that the court lacked jurisdiction over her person. In the alternative, she moved the court pursuant to sec. 801.63, Stats. (1975) to stay the action to permit the Florida Dissolution of Marriage action to proceed. On August 31, 1976, both motions were denied. She then filed an answer, objection to jurisdiction and motion for abatement on September 3, 1976. On October 15, 1976, William Schroff made a motion returnable October 27, 1976 asking that his action be set for an immediate trial. Karen Schroff's lawyer objected, again raising the jurisdictional question in arguing that there never had been a hearing or decision on her motion for abatement. The judge refused to grant a hearing on the motion for

abatement and set the matter for trial on November 1, 1976.

On October 28, 1976, Karen Schroff applied to this court for a writ of prohibition. This court issued an order to show cause, halting further proceedings in the trial court pending a decision on the application. While that application was pending, the dissolution of marriage action went to completion in Florida and on November 12, 1976, the Florida court granted a judgment of Dissolution of Marriage which incorporated the earlier agreement between the parties entered into in New Jersey as modified by a stipulation dated November 3, 1976. William Schroff signed the stipulation in Milwaukee while Karen Schroff signed the stipulation in Florida. The Florida judgment divided the property of the parties, awarded custody of the children to Karen Schroff and ordered him to pay her $1,000 per month for family support.

After learning of the Florida judgment terminating the marriage, this court dismissed Karen Schroff's application for a writ of prohibition on December 17, 1976. In January, 1977, William Schroff filed a second amended complaint asking that the Florida Dissolution of Marriage judgment be made a Wisconsin judgment pursuant to sec. 806.24, Stats. (1975) (formerly sec. 270.96). The Florida judgment was filed in the office of the clerk of circuit courts in Milwaukee county in February, 1977.

On August 1, 1977, the Milwaukee circuit court issued an order to show cause returnable on September 7, 1977 directing Karen Schroff to show cause why the family support payments of $1,000 per month should not be reduced to $400 per month and paid to the clerk of the circuit court for Milwaukee county. The order to show cause was served on Karen Schroff in Florida and also on her Milwaukee attorney. Karen Schroff did not appear at the September hearing. Her lawyer argued that the court could not modify the family support payment

without personal jurisdiction over her and further argued that sec. 801.08(1), Stats. (1975) required the court to hold a hearing on the jurisdictional objection before proceeding to the merits of the case. The court, however, proceeded in the matter and after hearing William Schroff's testimony with respect to changed circumstances, the court reduced the family support payments from $1,000 to $400 per month *nunc pro tunc* to July 31, 1977 and set a further hearing for January, 1978 to give Karen Schroff an opportunity to come to Wisconsin to present evidence. The judgment lowering the support payments was entered September 19, 1977 and this appeal followed.

The issues are as follows:

1. Was there a final judgment from which an appeal might be taken?

We hold that there was.

2. Did Karen Schroff consent to the jurisdiction of the Wisconsin trial court when she signed the stipulation for alimony, property division, child support, custody and visitation rights which was incorporated into the Florida Dissolution of Marriage judgment?

We hold that she did not.

3. Should this court remand the cause to the trial court for a jurisdictional hearing or order that the action be dismissed for lack of personal jurisdiction over Karen Schroff?

We hold that the judgment should be reversed and the cause be remanded with instructions to vacate the judgment and dismiss the complaint.

## I. WAS THERE A FINAL JUDGMENT FROM WHICH AN APPEAL MIGHT BE TAKEN?

William Schroff argues that this court has no jurisdiction to entertain this appeal claiming there was no final judgment entered in the trial court in this matter.

He would characterize the trial court's modification of family support payments as a non-appealable intermediate order, rather than a final judgment because the trial court gave Mrs. Schroff an opportunity to make a later appearance and put additional evidence into the record.

Sec. 247.25, Stats. 1975,[1] provides that a court may modify child support payments upon a showing of changed circumstances, and "make a new judgment concerning the same as the circumstances of the parents and the benefit of the children shall require." The trial court made such a judgment which was entered September 19, 1977 to take effect immediately. It further provided, "this payment schedule shall become final and fixed unless the wife presents herself to the court, before the Honorable John F. Foley . . . on January 30, 1978, at 2 o'clock p.m."

When a judgment or appealable order is entered in the trial court, subject matter jurisdiction is vested in the appellate court from that time, whether or not the appeal is taken from the appealable matter. *Walford v. Bartsch*, 65 Wis.2d 254, 262, 222 N.W.2d 633 (1974); sec. 817.-11(4), Stats. 1975.[2]

The judgment reducing support payments was in fact a judgment and was so designated. It was filed Septem-

---

[1] Repealed and replaced with sec. 247.32, Stats., effective February 1, 1978.

[2] "817.11. **Appeal, how taken and perfected; notice; costs.** . . . (4) The right of appeal shall exist from the time of the entry of the appealable order or judgment and in cases of appeal the supreme court shall have jurisdiction over the subject matter of the action from that time. The procedural requirements of subs. (1), (2) and (3) and of this chapter shall relate only to the jurisdiction of the court over the parties to the appeal."

ber 19, 1977 and took effect immediately. This court has jurisdiction to entertain the appeal.

## II. *DID KAREN SCHROFF CONSENT TO THE JURISDICTION OF THE WISCONSIN TRIAL COURT WHEN SHE SIGNED THE STIPULATION FOR ALIMONY, PROPERTY DIVISION, CHILD SUPPORT, CUSTODY AND VISITATION RIGHTS WHICH WAS INCORPORATED INTO THE FLORIDA DISSOLUTION OF MARRIAGE JUDGMENT?*

Karen Schroff maintains that she was entitled to either a hearing under sec. 801.08, Stats. 1975,[3] to hear her jurisdictional objection or in the alternative that this court should vacate the judgment and dismiss the action for want of personal jurisdiction. William Schroff, on the other hand, argues that Karen Schroff submitted herself to the jurisdiction of the Wisconsin trial court when she signed the stipulation in Florida, and thus no jurisdictional hearing was necessary. William Schroff's argument is based on the fact that at the head of the stipulation were the captions of both the Florida case and the Wisconsin case which had been stayed by order of this court. The caption of the stipulation read:

---

[3] "801.08. **Objection to personal jurisdiction.** (1) All issues of fact and law raised by an objection to the court's jurisdiction over the person or res . . . shall be heard by the court . . . in advance of any issue going to the merits of the case. . . ."

"* * * * * * * * * * * * * * * * * * *

CIRCUIT COURT : HILLSBOROUGH COUNTY
STATE OF FLORIDA

IN RE THE MARRIAGE OF:

KAREN M. SCHROFF,

Petitioner

vs.                              No. 76-7337
WILLIAM K. SCHROFF,              DIVISION "A"

Respondent

STATE OF WISCONSIN : CIRCUIT COURT
MILWAUKEE COUNTY

WILLIAM K. SCHROFF,

Plaintiff,

vs.                              CASE NO. 445-223
KAREN ZEANAH SCHROFF,

Defendant

STIPULATION AND AGREEMENT
* * * * * * *"

The Florida judgment provided, in part, as follows:
. . .

"(4) The husband shall pay to the wife as and for her alimony and for support of the children, . . . the following payments:
"a) $1,000.00 monthly beginning 1/1/77 . . ."

In *Estin v. Estin*, 334 U.S. 541 (1948), the wife had been ordered alimony under a New York separation decree. The husband subsequently obtained an *ex parte* Nevada divorce, and contended that his obligation to

make support payments ended with the termination of the marriage relationship. The United States Supreme Court held that while the Nevada court had jurisdiction to dissolve the marriage, it could not extinguish the wife's right to alimony without personal jurisdiction over her.

"The New York judgment is a property interest of respondent, created by New York in a proceeding in which both parties were present. It imposed obligations on petitioner and granted rights to respondent. The property interest which it created was an intangible, jurisdiction over which cannot be exerted through control over a physical thing. Jurisdiction over an intangible can indeed only arise from control or power over the persons whose relationships are the source of the rights and obligations.

"Jurisdiction over a debtor is sufficient to give the State of his domicile some control over the debt which he owes. It can, for example, levy a tax on its transfer by will; . . . appropriate it through garnishment or attachment . . . ; collect it and administer it for the benefit of creditors. . . . But we are aware of no power which the State of domicile of the debtor has to determine the personal rights of the creditor in the intangible unless the creditor has been personally served or appears in the proceeding." (Citations omitted.) *Id.* at 548.

The United States Supreme Court reached the same result in *Vanderbilt v. Vanderbilt,* 354 U.S. 416 (1957), even though in that case the husband obtained an *ex parte* Nevada divorce before the wife's right to support had been reduced to judgment. The court said:

"It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. Here the Nevada divorce court was as powerless to cut off the wife's support right as it would have been to order the husband to pay alimony if the wife had brought the action and he had not been subject to the divorce court's jurisdiction." *Id.* at 418–9.

This has been the rule in Wisconsin. In *Eule v. Eule*, 9 Wis.2d 115, 123, 100 N.W.2d 554, certiorari denied 362 U.S. 988 (1960), this court held that an Illinois divorce court could not adjudicate the alimony rights of a Wisconsin wife over whom the court had no personal jurisdiction.[4] We hold the same reasoning applies where the support payments combine alimony and child support.

The trial court did not have jurisdiction over Karen Schroff on the basis of the so-called "long arm statutes" of Wisconsin, sec. 247.057[5] and 801.05(11). Both statutes require that the defendant live in this state in marital relationship with the plaintiff for at least six consecutive months within the six years next preceding the commencement of the action. The record clearly shows that Mrs. Schroff never lived with Mr. Schroff in marital relationship in Wisconsin.

The question then becomes did she waive her defense of lack of jurisdiction by entering into the aforementioned stipulation with its Florida-Wisconsin caption. This is the position that is strongly argued by Mr. Schroff in contending that the Milwaukee circuit court had jurisdiction over her.

Sec. 802.06(8)(a), Stats. 1975, provides:

"WAIVER OR PRESERVATION OF CERTAIN DEFENSES. (a) A defense of lack of jurisdiction over the person or the res, insufficiency of process, untimeliness or insufficiency of service of process or another action pending between the same parties for the same cause is waived only 1) if it is omitted from a motion in the circumstances described in sub. (7), or 2) if it is neither made

---

[4] The *Eule* case also held that an Illinois court could not take custody of the child away from the mother where the Illinois court had no jurisdiction over her. This was also the rule of *May v. Anderson*, 345 U.S. 528 (1953).

[5] Repealed by L. 1977, ch. 105, effective February 1, 1978 and replaced with sec. 247.05, Stats.

by motion under this section nor included in a responsive pleading."

Sec. 802.06(7), Stats., requires that a party who makes a motion under this section include any defense or objection then available to the party which this section permits to be raised by a motion. They may not subsequently make a motion based on the defense or objection so omitted (except certain grounds not material herein). Lack of personal jurisdiction is one of those defenses which must be included in such a motion. Mrs. Schroff repeatedly, and at every appropriate proceeding, raised the objection of lack of personal jurisdiction over her. Mr. Schroff does not contend that she waived her defense of lack of personal jurisdiction by failure to make the proper motions. On the contrary he concedes that "but for her action in executing and filing the joint stipulation, she was entitled to a hearing on her objection."

For his position that the double captioned stipulation gave the Wisconsin court jurisdiction he relies on a 1939 Vermont case, *Noyes v. Noyes,* 110 Vt. 511, 9 A.2d 123 (1939). In *Noyes,* the husband left the state of Vermont and took up residence in California where he was personally served with copies of his wife's divorce complaint. He did nothing about appearing in the action, except that he entered into a stipulation with his wife for alimony and attorney fees. The court concluded that the stipulation amounted to a general appearance by the husband, and that therefore the court did have jurisdiction. But our statute, 802.06(8), makes it clear that the defense of lack of personal jurisdiction "is waived *only,* 1) if it is omitted from a motion in the circumstances described in sub. (7) or 2) if it is neither made by motion under this section nor included in a responsive pleading." (Emphasis added.)

The facts in this case do not show a waiver by Karen Schroff. She signed the stipulation in Florida. The substance of the document dealt with alimony, property division, child support, custody, and visitation and was incorporated into the Florida judgment. When the stipulation was signed, the proceedings in the Wisconsin trial court had been stayed by order of this court. When the Florida judgment was granted, the purpose of the stipulation was at an end. We find no basis for Mr. Schroff's assertion that "having executed and filed the stipulation, with obvious understanding that it was part of the proceeding in the trial court, she consented to the jurisdiction of the Wisconsin court." The record before us is silent as to why the stipulation was headed with both Florida and Wisconsin case captions. Looking at the substance of the stipulation, however, there is no basis for asserting that Karen Schroff recognized the case as being in the Wisconsin court. That case had been stayed by this court, thus leaving it open for the completion of the divorce action in the Florida court and the utilization of the stipulation in that action. The *Noyes* case recognizes that there is no "general appearance" where "the subject matter and nature of the stipulation are such that they in no way recognize the case as being in the court." *Noyes v. Noyes, supra* at 517. Furthermore, the husband in *Noyes* joined in filing the stipulation in the Vermont court. Mrs. Schroff has filed no stipulation in the Wisconsin court. In fact, she has done nothing in Wisconsin, other than ask that the case be dismissed for lack of personal jurisdiction over her.

Such a result is consistent with Wisconsin cases dealing with the effect of a stipulation on jurisdiction. In *Gale v. Consolidated Bus & Equipment*, 251 Wis. 642, 30 N.W.2d 84 (1947), a stipulation by the defendant as to the time and place of trial was held to constitute submission to the jurisdiction of the court. In *Keeler v. Keeler,*

24 Wis. 522 (1869), the defendant's stipulation that the cause be tried in Portage county circuit court and waiving further notice of trial was held to constitute an appearance in the action. In both those cases, the stipulation directly acknowledged that the case was in court.

We conclude, therefore, that Karen Schroff did not consent to jurisdiction of the Wisconsin court.

## III. SHOULD THIS COURT REMAND THE CAUSE TO THE TRIAL COURT FOR A JURISDICTIONAL HEARING OR ORDER THAT THE ACTION BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER KAREN SCHROFF?

Because the circuit court of Milwaukee county acquired no jurisdiction over Karen Schroff, its judgment was a nullity. Since Mrs. Schroff did not come within the terms of the long-arm statute, and since we conclude that she did not consent to jurisdiction when she signed the Florida stipulation, there is no point to remanding this case for a hearing on the jurisdictional issue. We therefore reverse that judgment and remand the matter to the trial court to vacate the judgment and dismiss the complaint.

*By the Court.*—Judgment reversed and cause remanded with directions to the trial court to vacate the judgment and dismiss the complaint.